LOCKE LORD LLP
Jon L. Rewinski (Bar No. 116124)
Email: *jrewinski@lockelord.com*
F. Phillip Hosp (Bar No. 265225)
Email: *phosp@lockelord.com*
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071
Telephone: 213-485-1500
Facsimile: 213-485-1200

Matthew G. Reeves (Texas Counsel)
2800 JPMorgan Chase Tower, 600 Travis
Houston, TX  77002-3095
Telephone: 713-226-1308
Facsimile: 713-223-3717
Email: *mreeves@lockelord.com*

Attorneys for Defendant
THE RAND GROUP, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VBCONVERSIONS, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>THE RAND GROUP, LLC, et al.,<br><br>          Defendants. | CASE NO. CV 11-06321-JFW (JCGx)<br><br>**1. THE RAND GROUP LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**<br><br>**2. REQUEST FOR JURY TRIAL**<br><br>Complaint Filed:  August 1, 2011 |

Defendant The Rand Group, LLC ("Defendant") answers plaintiff VBConversions, LLC's ("Plaintiff") Complaint as follows:

## A. SUMMARY OF THE ACTION

1. Defendant admits that Plaintiff seeks damages and injunctive relief in the Complaint. Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 1.

## B. JURISDICTION

2. Defendant admits that the Complaint purports to set forth claims under the Federal Copyright Act, 17 U.S.C.§§101 *et seq.*, and that Plaintiff seeks to invoke jurisdiction of this Court under 28 U.S.C. § 1338(a). Otherwise, except as specifically admitted, Defendant denies the remaining allegations in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant admits that Plaintiff seeks to establish venue through a forum selection clause in document they refer to as the End User License Agreement ("EULA"). Otherwise, except as specifically admitted, Defendant denies the remaining allegations in Paragraph 4, including Plaintiff's allegations that Defendant affirmed the EULA.

## C. PARTIES

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore denies those allegations.

6. Defendant admits that it is a Texas limited liability company with a place of business located at 6575 West Loop South, Suite 215, Bellaire, Texas 77401. Otherwise, except as specifically admitted, Defendant denies the remaining allegations in Paragraph 6.

7. Defendant admits that it is a professional services firm that offers technology solutions for customers in various business sectors. This includes developing software to address the needs of its customers' business systems. Otherwise, except as specifically admitted, Defendant denies the remaining allegations in Paragraph 7.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

8.     Defendant admits that it employed Ricardo Gentile.  Except as specifically admitted, Defendant denies the remaining allegations in Paragraph 8.

### D.     GENERAL ALLEGATIONS

9.     Defendant denies Plaintiff's allegation that Exhibit A includes any copyright registrations.  Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore denies those allegations on that basis.

10.    Defendant admits that Plaintiff has attached a document, which speaks for itself, as Exhibit B to the Complaint.  Otherwise, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore denies those allegations on that basis.

11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore denies those allegations.

12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 and therefore denies those allegations.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore denies those allegations.

14.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore denies those allegations.

15.    Defendant denies the allegations of Paragraph 15.  Defendant does not do any business or purchase or sell goods in the County of Los Angeles, State of California.

16.    Defendant denies that it is liable in any way (directly or vicariously) for the damages alleged in the Complaint.  As to the remaining allegations in Paragraph 16, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them on that basis.[1]

---

[1] The Complaint does not include paragraph 17.

18. Defendant denies the allegations in Paragraph 18.

**FIRST CLAIM FOR RELIEF:** *Violation of 17 U.S.C. § 106(1) & 501, et seq., Copyright Infringement.*

19. Defendant incorporates by reference its answers to Paragraphs 1-18 above as if fully set forth herein.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies those allegations.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and therefore denies those allegations.

22. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies those allegations.

23. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies those allegations.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and therefore denies those allegations.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies that it has been unjustly enriched or profited through any misappropriation. As to the remaining allegations in Paragraph 27, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those allegations and therefore denies them on that basis.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

**SECOND CLAIM FOR RELIEF:** *Vicarious Copyright Infringement*

30. Defendant incorporates by reference its answers to Paragraphs 1-29 above as if fully set forth herein.

31. Defendant admits that it has the right and ability to oversee, govern, control, and direct its employees' actions when the actions are known to Defendant

and within the scope of their employment activities.  Otherwise, except as specifically admitted, Defendant denies the allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

**THIRD CLAIM FOR RELIEF:** *Contributory Copyright Infringement*

34. Defendant incorporates by reference its answers to Paragraphs 1-33 above as if fully set forth herein.

35. Defendant denies the allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

**FOURTH CLAIM FOR RELIEF:** *Violation of the Digital Millennium Copyright Act (17 U.S.C. § 1201)*

38. Defendant incorporates by reference its answers to Paragraphs 1-37 above as if fully set forth herein.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 and therefore denies those allegations.

40. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 and therefore denies those allegations.

41. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and therefore denies those allegations.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

**AFFIRMATIVE DEFENSES**

Without prejudice to the denials set forth above in its Answer, and without admitting any allegations of the Complaint that are not otherwise admitted above, Defendant avers and asserts the following Affirmative Defenses to the Complaint. Defendant reserves the right to amend its Answer with addition defenses as further information is obtained.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches, estoppel, waiver, release, ratification, acquiescence, bad faith, consent, and other equitable defenses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred due to Plaintiff's failure to mitigate damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for unjust enrichment is barred by statute, 17 U.S.C. § 504.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery of its claims for infringement because it has failed to bring the claims within the statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff neither has been nor is now the sole or exclusive owner or proprietor of the copyrights involved in this action. Plaintiff does not have the exclusive right to publish, print, copy and vend the items at issue herein.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not complied with the requirements of the Copyright Statute and has not, therefore, obtained or maintained any lawful or valid copyright in the designs involved in this action.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's designs lack originality. Each design is, and has long been, in the public domain. In addition, Plaintiff's designs lack originality because the elementary patterns are, and have long been, in the public domain.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's asserted copyright registrations are invalid.

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071

## ELEVENTH AFFIRMATIVE DEFENSE

Even if Defendant has infringed on any of Plaintiff's alleged copyrights, such infringement was innocent.

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that it exists, Plaintiff is enforcing the copyright to secure an exclusive right or limited monopoly not granted by the Copyright Office and contrary to public policy.

## THIRTEENTH AFFIRMATIVE DEFENSE

The acts alleged in the Complaint constitute a fair use of Plaintiff's product.

## FOURTEENTH AFFIRMATIVE DEFENSE

To the extent not otherwise included herein, Defendant raises all applicable defenses provided for by 17 U.S.C. §§ 101 – 1332.

## DEMAND FOR JURY TRIAL

Under Fed. R. Civ. P. 38(b), Defendant demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

A. For dismissal of the Complaint with prejudice and that the relief requested in the Complaint be denied;

B. That the Court award Defendant costs of suit, including reasonable attorney's fees, under Fed. R. Civ. P. 68, 17 U.S.C. § 505, or any other applicable rule or statute; and

C. That the Court grant Defendant such other and further relief as the Court deems just and proper.

///
///
///
///

| | |
|---|---|
| Dated:  October 31, 2011 | Respectfully submitted, |
| | LOCKE LORD LLP |
| | |
| | By: /s/ Jon L. Rewinski |
| | Jon L. Rewinski, Esq. |
| | F. Phillip Hosp, Esq. |
| | Attorneys for Plaintiff |
| | <u>THE RAND GROUP, LLC</u> |

**Locke Lord LLP**
300 South Grand Avenue, Suite 2600
Los Angeles, CA  90071

8
THE RAND GROUP'S ANSWER AND AFFIRMATIVE DEFENSES